

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2009

# Elen Minasyan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1813

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Elen Minasyan v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1833.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1833

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1813
_____

ELEN MINASYAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A99-074-400)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2009

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: February 23, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Elen Minasyan seeks review of a final order of removal.  We will deny the petition

for review.

Minasyan, a native and citizen of Armenia, entered the United States on June 22, 2004, on a B-2 non-immigrant visa, which expired on December 21, 2004. Minasyan overstayed and was served with Notice to Appear on August 3, 2005. She conceded removability and applied for political asylum, withholding of removal, relief under the Convention Against Torture ("CAT") and voluntary departure as an alternative to removal.

Minasyan testified that she met a member of the Respublica Party, Gohar Khachtryan, through her university. On October 30, 1999, she participated in a demonstration, and university officials subsequently warned her not to participate. In 2000, Minasyan was elected to lead a student political group dedicated to democracy and constitutional rights. On May 14, 2002, Minasyan participated in another demonstration to demand then-President Kocharian's resignation. The university again warned her about participating in political demonstrations. The university prevented Minasyan from taking her exams on time, which caused her to lose her stipend. In February 2003, Minasyan assisted in monitoring the Armenian presidential elections through an organization known as This is Your Choice. She reported various irregularities, but the authorities dismissed her report, and an unnamed individual threatened her. Minasyan testified that in March 2004, Minasyan's boyfriend, Arthur, either videotaped or photographed acts of police brutality during a political demonstration. Arthur was arrested on April 9, 2004, but Minasyan was not. She testified that, after Arthur's arrest,

2

she was fired from her job as a translator for the governing party. Minasyan testified that in May 2004, two security guards issued her a notice to appear; they threatened her and questioned her regarding Arthur's videotape. On June 10, 2004, military men greeted her at her uncle's home and demanded identification. The men threatened her, took her into custody and hit her. Her captors released her after she signed a blank sheet of paper. She then escaped to the United States.

After reviewing the evidence, the IJ concluded that Minasyan was not credible and that she had failed to corroborate her claims. Accordingly, the IJ denied relief on all claims. The BIA affirmed without opinion, and Minasyan filed this timely petition for review. On appeal, Minasyan challenges the IJ's adverse credibility determination, asserts that the allegedly deficient translation at her hearing and summary dismissal by the BIA violated due process, and contends that she is entitled to relief under CAT.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). When the BIA affirms the IJ's decision without opinion, we review the decision of the IJ. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We review the IJ's factual findings for substantial evidence. Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007). We will uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008) (citations omitted).

3

The IJ determined that Minasyan was not credible because he believed that she had testified inconsistently and had omitted several key events from her written asylum application.[1] The IJ also found it implausible that Minasyan had been employed by the same party that she opposed so vigorously in her activism. When asked to explain this seeming implausibility, Minasyan responded that poor economic conditions in Armenia made it difficult for her to find work in her field, and that a friend of her father's helped her find work with the governing party. She also explained that she was working in a department within the party, such that core party leaders probably were not aware of her opposition activities. In light of Minasyan's earlier testimony that the governing party sent her father into battle in 1992, where he was killed, and that this event propelled her into opposition activism, we do not believe that the IJ unreasonably doubted the plausibility of Minasyan's account. A reasonable factfinder would not be compelled to conclude that Minasyan was credible. See Zheng v. Gonzales, 417 F.3d 379, 382 (3d Cir. 2005). Accordingly, Minasyan has not met her burden of proof for asylum, withholding or CAT relief.

---

[1] Minasyan explained that the individual who assisted her in preparing her asylum application, who was not an attorney, warned her that time was running out to submit her application, but assured her that she could supplement her application at the hearing. Therefore, she signed and submitted the application even though she was aware that it was incomplete. In light of this reasonable explanation, we do not endorse the IJ's heavy reliance on the omissions from Minasyan's written application. See Torres v. Mukasey, –F.3d–, 2008 WL 5336906 (7th Cir. Dec. 23, 2008); Aguilera-Cota v. INS, 914 F.2d 1375, 1382 (9th Cir. 1990). Notwithstanding, based on other evidence in the record, we believe that the IJ's adverse credibility determination is reasonable and entitled to deference.

We also reject Minasyan's claim that the BIA's decision to summarily dismiss her appeal without opinion violates due process because the applicable regulations permit summary dismissal of an appeal under these circumstances. See 8 C.F.R. § 1003.1(d)(2)(i)(D) (permitting summary dismissal of an appeal when, "The Board is satisfied, from a review of the record, that the appeal . . . lacks an arguable basis in fact or in law . . . .").

Finally, we cannot consider Minasyan's due process claim regarding the alleged deficiencies in the translation at her hearing because she failed to raise this issue before the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005). For the foregoing reasons, we will deny the petition for review.